IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS, WESTERN DIVISION

| | | |
|---|---|---|
| MARGARET FOSTIAK, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| BYRON COMMUNITY UNIT SCHOOL | ) | No. |
| DISTRICT 226, the BOARD OF | ) | |
| EDUCATION OF CUSD #226, | ) | Judge: |
| DOUGLAS FLOSKI, KATHI GEHRKE, | ) | |
| MATTHEW MEYERS, EDWARD CLIFT, | ) | Magistrate Judge: |
| JOHN HESS, CAROL NAUMAN and | ) | |
| WILLIAM CRAIG Members of the | ) | |
| Board of Education, each in his individual | ) | |
| and official capacity | ) | |
| | ) | |
| Defendants. | ) | |

## COMPLAINT FOR PRELIMINARY AND PERMANENT INJUNCTIVE

Plaintiff, Margaret Fostiak, by and through her attorneys, Mary Denise Cahill of

CAHILL & ASSOCIATES and Kevin K. McQuillan, of the McQuillan Law Office LLC, and

complains of the Defendants as follows:

### JURISDICTION

This Complaint is correctly brought in the United States District Court for the Northern

District of Illinois, Western Division because it alleges that the Plaintiff, Margaret Fostiak,

Superintendent of Byron Community Unit School District 226, is aggrieved by the conduct and

actions of the Defendants that constitutes a violation of the Fourteenth Amendment to the United

States Constitution and a violation of her rights under color of law which is actionable under

Section 1983.

This Court has jurisdiction over the remaining Counts of the Complaint under the theory

of Pendant Jurisdiction.

## PARTIES

1. Plaintiff Margaret Fostiak was at all relevant times the Superintendent of Schools for Byron Community Unity School District #226 and a resident of Byron, Ogle County, Illinois.

2. Defendant Community Unit School District #226 (herein after Byron CUSD #226) is a body politic and corporate which operates schools in Ogle County, Illinois.

3. Defendant Board of Education of Byron Community School District #226 (hereinafter the" Board of Education") is created under the Illinois School Code, Section 10-10.5 (105 ILCS 5/10-10.5) and as such is the governing body of Byron CUSD #226.

4. The individual Defendants, Douglas Floski, President of the Board, Kathi Gehrke, Vice President of the Board and Board Members John Hess, Matthew Meyers, Edward Clift, Carol Nauman and William Craig, are and were at all times relevant hereto, members of the Board and all reside in Ogle County, Illinois.

## COUNT I

## CLAIM FOR DEPRIVATION OF PROPERTY INTEREST WITHOUT DUE PROCESS/VIOLATION OF LOUDERMILL RIGHTS

1.- 4. Plaintiff realleges and incorporates as though fully set forth herein Paragraphs 1-4 of the Parties section as paragraphs 1 - 4 of this Count I.

5. On May 19, 2005, Margaret Fostiak entered into a multi-year contract with the Defendant Board of Education for the period July 1, 2005 through June 30, 2008; on March 20, 2008, the contract was extended to June 30, 2013.

6. On March 25, 2010, the then sitting Board of Education (the "Old Board") entered into a new contract with Plaintiff (the "2010 Contract") granting her a one year extension, in exchange for her agreement to freeze her salary at $174,900.00 for the 2010-2011 school year and guaranteeing her salary increases previously agreed to during the 2011-2012,

2

2012-2013 and 2013-2014 school years; the value of the now remaining years of the contract is $765,121.00. A true and correct copy of the 2010 Contract is attached hereto as Exhibit A.

7.    The vote of the Old Board to enter into the 2010 Contract, was four (4) in favor and three (3) opposed. The opposing votes were cast by Defendants Floski, Meyers and Gehrke.

8.    In addition to a salary, Plaintiff was guaranteed a life insurance policy in an amount equal to her annual salary provided that said coverage is available without special rating, which insurance amount is $185,394.00.

9.    The preamble to the 2010 Contract specifically stated that Plaintiff had attained all of her performance goals;

10.    On March 31, 2011, Plaintiff's performance was again reviewed by the Old Board of Education and the Board voted 6 to 0 that Plaintiff Fostiak had met her performance goals, with Defendants Meyers and Gehrke voting that she had met her performance goals and Defendant Floski abstaining,

11.    On March 31, 2011, no negative comments were made by Defendants Floski, Meyers and Gehrke about Plaintiff's supervision or lack of supervision of the Director of Buildings and Grounds, with respect to alleged illegal conduct on the part of one or more individuals involving the sale of fixtures salvaged from the Old Byron Middle School, a matter of which all Board Members had knowledge and which Defendant Floski took credit for uncovering.

12.    On April 5, 2011 four new members of the Board of Education were elected, Defendants Nauman, Clift, Craig and Hess.

13.    The four newly elected board members had campaigned on a platform that included a pledge to break the 2010 Contract and remove Plaintiff from her job as Superintendent.

14.     As soon as the new Board members were installed, the New Board began a campaign to harass Plaintiff into quitting her job, including demanding multiple written reports within a short time frame, refusing to return her phone calls or cooperate with her in the ministerial duties of running the school district, scheduling Board meetings without her knowledge and making unannounced visits to her office.

15.     On April 28, 2011, the New Board received a Report, summarizing an investigation by the Board's attorney of the situation referred to in Paragraph 10 above. The Board's attorney recommended "It would be inadvisable to bring disciplinary action against any other District employee (other than Ken Foss, the part-time janitor allegedly involved) based upon the expected testimony of Ken Foss."

16.     Plaintiff participated in the April board meeting where this report was presented, but the New Board did not ask her any questions regarding this report or indicate that they thought she had committed any misconduct that would have caused the part-time janitor to file a Whistleblower Act suit against the Board.

17.     In actual fact the attorney's report clearly states that Defendant Floski had reported the possible thefts and Defendant Floski has labeled the Whistleblower suit by the janitor as without merit, claiming it was he who blew the whistle on the situation.

18.     On or about June 13, 2011, Plaintiff received a letter from Defendant Floski as Board President accusing her in summary of destroying district documents and demanding that she provide him with a detailed list of all the documents she shredded and for each document shredded, she was to provide ten types of information. She was given seven (7) days to respond.

19.     Plaintiff Fostiak, responded in writing on June 15, 2011, that she had cleaned her office and had scrapped duplicates of official board paperwork. Attached to the letter was a five page spread sheet indicating each duplicate she had disposed of and providing all the information

requested as to each document, including where the original or official copy of each document could be found.

20.     Defendants did not ask for any further detail or explanation about the shredded documents thereafter.

21      In addition to harassing Plaintiff Fostiak as described above, the new Board promulgated significant changes to the Board Policies and Procedures which stripped the Superintendent of certain generally accepted duties, responsibilities and powers and assigned those duties, responsibilities and powers to the Board.

22.     Thereafter, on June 30, 2011, the new Board issued Plaintiff a letter of reprimand based on the changed Policies and Procedures, with respect to her assignment of an employee that had occurred prior to the change in these policies while she still had the power to do so..

23.     Suddenly, without warning, on July 11, 2011, at 4:45 p.m., Defendant Floski presented Plaintiff Fostiak with a letter informing her that the Board of Education was proposing to consider and approve charges for her discharge for cause at a special board meeting to be held two days hence, July 13, 2011 at 7:30 p.m.

24.     The charges accused her of failing to disclose and engaging in shredding of District records and failing to supervise the Director of Buildings and Grounds resulting in potential liability to the District.

25.     The potential liability referred to the Whistleblower Act lawsuit filed by part-time janitor Foss, which had previously been labeled meritless by Defendant Floski.

26.     As shown above, neither of these charges were true and were merely a pretext to break the Plaintiff's employment contract.

27.     Plaintiff's 2010 Contract provides regarding discharge for cause:

                In the event of discharge for cause, the Board shall deliver to the

> Superintendent in the manner provided by law, notice of said discharge for cause. Such notice, when given by the Board, must be in writing stating the specific reason or reasons therefore. Within ten (10) days after the receipt of such notice of discharge, for cause, the Superintendent shall be given a hearing before the Board of Education and have the right to present evidence, witnesses and defenses on the grounds for discharge. At such hearing, the Superintendent shall have the right to present evidence, witnesses and defenses on the grounds for discharge, may cross-examine witnesses, and may have present an any such hearing counsel of her own choosing at her expense."

Exhibit A, 2010 Contract, p. 9.

28.     Based upon the foregoing language, the individual Defendants and the Board collectively had a contractual duty to provide Plaintiff with a dismissal hearing prior to depriving her of the benefits of her contract, including but not limited to, her salary, the contributions made on her behalf to the Teachers Retirement System, the contributions made on her behalf to the District's healthcare plan and the contributions made on her behalf to purchase a life insurance contract.

29.     This duty was in addition to any other duty imposed upon the Defendants by federal case law stemming from the *Loudermill* case and its progeny.

30.     In clear disregard of their contractual duty Defendants did not provide Dr. Fostiak with the full evidentiary hearing to which she was entitled under her contract prior to making a final decision to discharge her and terminate her salary and benefits.

31.     In clear disregard of *Loudermill,* Defendants did not provide Dr. Fostiak with any evidentiary hearing to which she was entitled prior to making a final decision to discharge her and terminate her salary and benefits.

32.     As a result thereof, Plaintiff has been deprived of her property without the process to which she was entitled under her contract.

33.     In particular Defendants have confirmed to Plaintiff on the evening August 9, 2011, that they have canceled her life insurance policy in the amount of $185,394.00. Even if

Plaintiff is reinstated to her position after the full evidentiary hearing to which she is entitled, she will suffer irreparable harm in that the Board will not be required to reinstate the insurance policy due to changes in the Plaintiff's health that will cause the policy to become rated and not required under her contract.

34.     Further, Plaintiff is aware that Defendants, as is there custom and practice, are preparing a paycheck to be issued August 15, 2011, which will be Plaintiff's final paycheck.

35.     Once the final paycheck is issued, even if a Court ultimately reinstates Plaintiff or awards her a lump sum payment under her contract, there are certain circumstances in which Plaintiff will be barred from receiving retroactive and/or prospective service credits toward her Teachers Retirement System pension.

36.     Plaintiff has no adequate remedy at law for these violations to her due process rights.

<u>PRAYER FOR RELIEF</u>

WHEREFORE,   Plaintiff prays as follows:

A.     That the Court enter an order preliminarily enjoining Defendants from issuing Plaintiff's final paycheck in this matter until she has exhausted all of her due process rights in this matter, including but not limited to the full evidentiary hearing and any appeals therefrom.

B.     That the Court enter an order that Defendants reinstate retroactive to July 28, 2011 all of Plaintiff's contractual benefits, including but not limited to her life insurance policy until she has exhausted all of her due process rights in this matter, including but not limited to the full evidentiary hearing and any appeals therefrom.

C.     That the Court enter permanent injunctive relief ordering Defendants to reinstate Plaintiff's employment as Superintendent of Byron CUSD #226 until the conclusion of the 2010 Contract.

D.      That the Court order Defendants to pay Plaintiff's Attorneys' Fees and Costs.

E.      That the Court order any other relief it deems just.

## COUNT II

## CLAIM FOR DEPRIVATION OF LIBERTY INTEREST WITHOUT DUE PROCESS

37.      Paragraphs 1 through 36 of Count I are restated and realleged as paragraphs 38 - 73 of this Count II.

74.      Plaintiff has a liberty interest in her ability to obtain employment in her chosen profession.

75.      After receiving Defendant's letter on July 11, 2011, on July 13, 2011, Defendants were notified in writing by plaintiff's counsel, Mary Denise Cahill, , that counsel was out of the country on vacation  Plaintiff's counsel requested a postponement of the closed session meeting until July 21st or 22nd.

76.      Counsel acting for the New Board, but not yet formally retained by the Board, responded by letter which stated, in part, "We advised you that the Board intends to take action at this evening's (July 13, 2011) special Board meeting to place Dr. Fostiak on a paid administrative leave of absence effective immediately. The Board believes that based upon the charges outlined in the notice of proposed discharge for cause, placement on paid administrative leave is necessary and in the mutual interests of the Board and Dr. Fostiak."

77.      Dr. Fostiak quickly retained additional counsel, Kevin K. McQuillan, who attended the Board Meeting and spoke on her behalf, asking that no action be taken against Dr. Fostiak until (1) Ms. Cahill, who was familiar with the facts of the case, returned from her trip, (2) Dr. Fostiak was provided with her pre-termination hearing as required by her contract with the Board and (3) her hearing as required by *Loudermill.*

78.     The Board of Education, nevertheless, voted to place Dr. Fostiak on paid administrative leave.

79.     No members of the press were present at the July 13, 2011 meeting.

80.     The next morning, Defendant Douglas Floski issued a press release.  The press release was intentionally written so that taken as a whole, a reader would conclude that Dr. Fostiak had been fired or at the very least had been placed upon administrative leave because she was a hazard or a threat to others at the Byron School District, pending completion of purely ministerial acts that were necessary prior to her discharge.

81.     In fact, WREX TELEVISION, LLC (hereinafter WREX) did read the press release as a whole to state that Dr. Fostiak had been discharged and reported on its television broadcast and its website that Dr. Fostiak had been "fired."

82.     In the course of the video report broadcast on July 14, 2011 and also posted on the television station's website, a text crawl appeared across the screen, which stated: "Fostiak fired."  Further, the broadcast report and website video stated/ printed "Board lets Fotiak (sic) go,: "Byron Superintendent Out", and "Byron School Board gets rid of the District's Superintendent."  Said information remained posted on WREX Television's website until July 21, 2011.

83.     By voting to place Dr. Fostiak on administrative leave and issuing a press release that was written to be interpreted that Dr. Fostiak had been fired, before offering her a *Loudermill* hearing or her contractual hearing, Defendants and each of them defamed Dr. Fostiak and sent the clear message to the public at large and to potential employers, that her misconduct was so grave that her continued presence was a danger to the district.

84.     That public and professional perception was intensified by the issuance of a press release and the Defendants took no action to correct the news report of WREX.

85.    Defendants did not give Plaintiff notice of the charges in the manner provided by law.

86.    On July 28, 2011, the Board of Education approved charges against Dr. Fostiak and began the process of cutting off her salary and benefits.

87.    Thereafter, the Board of Education released to the public the charges against Dr. Fostiak, prior to the full evidentiary hearing to which her contract entitled her in violation of the Illinois Freedom of Information Act.

88.    The Board of Education did not offer Plaintiff sufficient due process to support the publication of the charges against her prior to a full evidentiary hearing at which she could establish a record of the arbitrary and capricious conduct of the new Board.

89.    The Defendants and each of them have deprived Dr. Fostiak of her liberty interest in pursuing employment in her chosen profession, without due process, in violation of the Fourteenth Amendment to the U. S. Constitution.

<u>PRAYER FOR RELIEF</u>

WHEREFORE,   Plaintiff prays as follows:

A.    That the Court enter a preliminary injunction reinstating the Plaintiff as the Superintendent of the Bryon CUSD #226.

B.    That the Court enter an order directing Defendants to issue a statement retracting the Press Release, stating that plaintiff has not committed any illegal acts nor any acts that render her a hazard or danger to Byron  Community Unit School District #226 or its employees or students.

C.    That the Court enter permanent injunctive relief ordering Defendants to reinstate Plaintiff as Superintendent of Byron CUSD #226 until the conclusion of the 2010 Contract.

D.     That the Court order Defendants to pay Plaintiff's Attorneys' Fees and Costs.

E.     That the Court order any other relief it deems just.


Respectfully Submitted,

By:   *// Mary Denise Cahill  //*
  One of Plaintiff's Attorneys


Mary Denise Cahill    ARDC No. 365807
Attorney for Plaintiff
CAHILL & ASSOCIATES
1155 S. Washington Street, Suite 106
Naperville, Illinois 60540
(630) 778-6500
(630) 778-6500 Fax
Email: mdcahill@sbcglobal.net

Kevin McQuillan    ARDC No.  1869825
Attorney for Plaintiff
McQuillan Law Office LLC
1155 S. Washington Street, Suite 202
Naperville, Illinois  60540
(630) 355-5950
(630) 596-0862 Fax
Email:  Kevin@mcq-law.com

STATE OF ILLINOIS          )
                           )  SS
COUNTY OF OGLE             )

## **VERIFICATION**

I, MARGARET FOSTIAK, the Plaintiff in the above-captioned matter, have read the

foregoing Complaint for Preliminary and Permanent Injunctive Relief and find the contents

therein to be true to the best of my knowledge and belief.

_Margaret Fostiak_
Margaret Fostiak

Signed and sworn to before me

this _12th_ day of _August_ , 2011

_Julie A Debnar_
Notary Public

> OFFICIAL SEAL
> JULIE A DEBNAR
> NOTARY PUBLIC - STATE OF ILLINOIS
> MY COMMISSION EXPIRES:02/27/15

Mary Denise Cahill    ARDC No. 365807
Attorney for Plaintiff
CAHILL & ASSOCIATES
1155 S. Washington Street, Suite 106
Naperville, Illinois 60540
(630) 778-6500
(630) 778-6500  Fax
Email: mdcahill@sbcglobal.net

Kevin McQuillan    ARDC No.  1869825
Attorney for Plaintiff
McQuillan Law Office LLC
1155 S. Washington Street, Suite 202
Naperville, Illinois  60540
(630) 355-5950
(630) 596-0862  Fax
Email: Kevin@mcq-law.com