# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Frederick J. Kapala | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 11 C 50231 | **DATE** | 12/27/2012 |
| **CASE TITLE** | Fostiak v. Byron Community Unit School District 226, et al. | | |

**DOCKET ENTRY TEXT:**

Plaintiff's motion for leave to file a third amended complaint [91] is denied. Defendants' motions to strike [98] and to dismiss [105] [114] are denied as moot. Plaintiff's motion to consolidate [145] is granted. This case is closed.

■[ For further details see text below.]

Docketing to mail notices.

---

In this case, brought pursuant to 42 U.S.C. § 1983 and this court's supplemental jurisdiction, plaintiff, Margaret Fostiak, former superintendent for the Byron Community Unit School District #226 ("CUSD #226"), alleges that defendants, CUSD #226, the Board of Education of CUSD #226 (the "Board"), and the individual Board members, improperly discharged her in violation of her constitutional due process rights and in breach of her employment contract. In a previous order, this court dismissed most of plaintiff's claims, some with prejudice and some without prejudice to refiling in an amended complaint if plaintiff could show how she would cure the deficiencies identified by the court.

The case now comes before the court on plaintiff's motion for leave to file a third amended complaint, which defendants contest. The magistrate judge already granted this motion, in part, allowing plaintiff to add a new cause of action (Count VI), in which plaintiff is seeking a common law writ of certiorari, while the remainder of the motion was transferred to this court for ruling. Also pending before the court is a motion by defendants to strike certain allegations in Count VI of plaintiff's third amended complaint, which plaintiff filed separately from the remainder of her proposed third amended complaint in an effort to comply with the magistrate judge's order; a motion to dismiss Count VI, filed by the Board pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6); a motion to dismiss Count VI filed by Gregory Cox, the hearing officer for plaintiff's post-termination hearing who has been named as a defendant in this action out of "an abundance of caution" and against whom plaintiff does not seek any relief in the form of damages; and a motion by plaintiff to consolidate briefing and ruling on these outstanding motions. Plaintiff's motion to consolidate is granted.

After review of the remaining pending motions, and for the reasons stated below, the court finds that plaintiff's proposed third amended complaint fails to state any claim for relief falling within this court's original jurisdiction. Specifically, the court finds that the due process claims alleged in Count III and proposed Count VII necessarily fail and would be subject to dismissal. Therefore, plaintiff's motion for leave to file her third amended complaint is denied. As a result, the court declines to exercise supplemental jurisdiction over the remaining claims, which are dismissed without prejudice, and defendants' motions to strike and to dismiss are denied as moot.

# I. Due Process Claims

The only claims in plaintiff's proposed third amended complaint over which this court would have original jurisdiction are her claims in Counts III and VII alleging violations of her due process rights against the Board and the Board members, respectively.[1] As noted in this court's previous order, defendants concede that plaintiff had a property interest in her continued employment as superintendent and that she suffered a loss of that interest amounting to a deprivation. Thus, the only issue is whether "the deprivation occurred without due process of law." Moss v. Martin, 473 F.3d 694, 700 (7th Cir. 2007).

In order to prevail on her due process claims, plaintiff must be able to "show that the state failed to provide adequate remedies." Veterans Legal Defense Fund v. Schwartz, 330 F.3d 937, 939 (7th Cir. 2003) (describing such a showing as "fundamental" to a plaintiff's due process claim). "[N]o due process violation has occurred when adequate state remedies exist." Id. at 941. "A state post-deprivation remedy is considered adequate unless it can 'readily be characterized as inadequate to the point that it is meaningless or nonexistent and, thus, in no way can be said to provide the due process relief guaranteed under the fourteenth amendment.'" Edelstein v. Cook Cnty., No. 05 C 3563, 2006 WL 1519574, at *1 (N.D. Ill. May 26, 2006) (quoting Easter House v. Felder, 910 F.2d 1387, 1406 (7th Cir. 1990)). Although a plaintiff is not required to exhaust her state remedies before bringing a § 1983 suit if she is challenging the adequacy of those remedies, "we do not allow a plaintiff to claim that she was denied due process just because she chose not to pursue remedies that were adequate." Schwartz, 330 F.3d at 941.

In this case, by pleading a cause of action for a common law writ of certiorari, plaintiff has conclusively demonstrated that an adequate state remedy exists to review the Board's administrative decision to discharge plaintiff. See Edelstein, 2006 WL 1519574, at *2 (dismissing the plaintiff's due process claims based on his failure to pursue a writ of certiorari in state court). "[T]he common law writ of certiorari was developed to provide a means whereby a petitioner who was without avenue of appeal or direct review could obtain limited review over action by a court or other tribunal exercising quasi-judicial functions." Bodenstab v. Cnty. of Cook, 569 F.3d 651, 661-62 (7th Cir. 2009) (quotation marks omitted). There is no dispute that a circuit court in Illinois could have reviewed the Board's decision to discharge plaintiff through the common law writ of certiorari, and that the discharge could be overturned if it was found to be "arbitrary and unreasonable." See id. at 662 (quotation marks omitted). Because plaintiff failed to pursue this available remedy before bringing her federal claims or show that the remedy is inadequate, she cannot claim that she was denied due process.[2] See Schwartz, 330 F.3d at 941; Edelstein, 2006 WL 1519574, at *2.

Based on the foregoing, the court finds that plaintiff's proposed third amended complaint fails to state a claim within this court's federal question jurisdiction, as Counts III and VII would be subject to dismissal. Therefore, plaintiff's motion for leave to file her third amended complaint is denied.

# II. Supplemental Claims

In addition to her § 1983 claims, plaintiff attempts to raise both a breach of contract claim (Count V) and a common law petition for writ of certiorari (Count VI). Although "supplemental jurisdiction persists even if all the claims giving rise to original jurisdiction have been dismissed," the general rule is that "when all federal claims are dismissed before trial, the district court should relinquish jurisdiction over pendent state-law claims rather than resolving them on the merits." Miller v. Herman, 600 F.3d 726, 738 (7th Cir. 2010); see also 28 U.S.C. § 1367(c). Here, the court exercises its discretion and declines to consider plaintiff's claims that are premised on state law. Accordingly, Count V and VI are dismissed without prejudice to filing in state court. As a result, defendants' motions to strike and to dismiss are denied as moot.[3]

---

1. Count I, which plaintiff has "repled for purposes [of] appeal only" would be dismissed for the same reasons previously stated and therefore would not provide this court with federal question

jurisdiction.

2. It is not clear whether plaintiff's claims that the post-termination hearing was a "sham" and the Board members were biased against her would even rise to the level of a due process violation. See Batagiannis v. W. Lafayette Cmty. Sch. Corp., 454 F.3d 738, 742 (7th Cir. 2006) (rejecting a similar claim of bias by a school board). However, given the fact that plaintiff's due process claims fail because adequate state remedies exist, the court need not decide this issue.

3. Because they are denied as moot, the court expresses no opinion on the arguments raised by defendants in their motions to dismiss Count VI.